### ESTATE OF Adelaide BRISKMAN, deceased.

### Appeal of Mark Resop.

Superior Court of Pennsylvania.

Argued April 24, 2002.

Filed Sept. 9, 2002.

Reargument Denied Nov. 13, 2002.

Bernice J. Koplin, Philadelphia, for appellant.

Daniel B. Evans, Philadelphia, for appellee.

* Retired Justice assigned to Superior Court.

1. In its Opinion, the trial court found that between January, 1993 and June, 1993, Ms. Briskman deeded her residence to Appellant for nominal consideration, and transferred over $2,000,000 in investments to a new account titled jointly with Appellant, from

Before: DEL SOLE, P.J., TODD and MONTEMURO *, JJ.

OPINION BY MONTEMURO, J.

¶ 1 This is an appeal from a final decree reversing the decision of the Register of Wills admitting to probate a 1993 will executed by the decedent, Adelaide Briskman, and vacating the letters testamentary issued to Appellant Mark Resop. Because we find that the contestant of the will, Appellee Julie Palley, had no standing to challenge probate, we reverse the Orphan's Court decree.

¶ 2 The decedent, Adelaide Briskman, died on June 15, 1993, at the age of 82, in the state of Florida. Ms. Briskman never married and had no children. Approximately five months before her death, Ms. Briskman transferred substantially all of her assets to Appellant Mark Resop, the branch manager of her bank.[1] On January 21, 1993, Ms. Briskman purportedly executed the will in question ("the 1993 will"), naming Appellant as the executor and sole beneficiary of her estate. The only asset of value presently remaining in her estate is a parcel of commercial property located at 1632 Walnut Street in Philadelphia.[2]

¶ 3 Appellant probated the 1993 will in Philadelphia, and was granted letters testamentary on December 3, 1993. Less than one year later, Appellee Julie K. Palley, a niece of the decedent, filed an appeal from the decision claiming that the decedent lacked testamentary capacity at the time she executed the 1993 will, or alterna-

which he began to spend freely. Shortly after her death, he sold the condominium for $118,000.

2. The trial court noted that, at the time its Opinion was filed, the property was occupied by a branch of Mellon Bank.

tively, that the will was procured through fraud, duress, constraint, or undue influence. On December 7, 1994, the court issued a Citation to Show Cause why the appeal should not be sustained. Subsequently, on March 23, 1995, the court enjoined the sale or transfer of the Philadelphia property pending disposition of the will contest.

¶ 4 Sometime thereafter, Appellee discovered another purported will of the decedent dated August 1, 1984 ("the 1984 will"). The 1984 will makes several specific bequests, most to charity, and directs that Ms. Briskman's residuary estate be held in a charitable trust.[3] Ms. Briskman named her attorney at that time, Richard Rosin, as executor and trustee. Appellee and her husband were named as successor trustees if Mr. Rosin were unable to serve at any time. On March 6, 1997, Appellee filed another Petition for Citation to Show Cause, this time seeking probate of the 1984 will and the grant of letters testamentary to her if the 1993 will were to be set aside. The court, however, dismissed the

petition without prejudice to refile it after conclusion of the will contest.

¶ 5 The case was assigned to Judge Frank X. O'Brien, who conducted two pretrial conferences. During the December 3, 1997, conference, Appellee . stipulated that the signature on the 1993 will was indeed the decedent's.[4] (N.T., 12/3/97, at 20). Following a two-day non-jury trial in February of 1998, Judge O'Brien ordered the parties to file briefs and proposed findings of fact. No further notation appears in the record until February of 2001, when Appellant filed a Suggestion of Death averring that Appellee was deceased.[5] Thereafter, the case was reassigned to Judge Alex Bonavitacola,[6] who by decree dated May 7, 2001, reversed the decision of the Register of Wills admitting the 1993 will to probate, vacated the letters testamentary issued to Appellant, and remanded the record to the Register. Judge Bonavitacola concluded that, despite the parties' pretrial stipulation, the 1993 will lacked sufficient authentication by two competent witnesses pursuant to 20 Pa. C.S.A. § 3132.[7] Appellant filed timely ex-

---

**3.** Although Ms. Briskman did bequeath $10,000 to her brother Charles in the 1984 will, the language of the will indicates that her failure to provide for other family members was a conscious decision:

> *Bequests to Family Members.* It is not for lack of affection that I have made no other provision for other members of my family, but only because I am confident that they are otherwise well provided for and I believe that they feel, as I do, that those less fortunate than we should benefit from the disposition I intend to make of my estate. (1984 Will at ¶ 4(B)).

**4.** The trial court memorialized this stipulation in a pretrial order noting that "it is agreed between the parties that the probate record be introduced by the proponent without further evidence as to the execution of the will[.]" (Order, dated 12/8/97).

**5.** On June 28, 2001, the co-executors of Appellee's estate filed a document in the Or-

phan's Court, voluntarily substituting themselves as petitioners in the place of Appellee, who they acknowledged had died on September 3, 2000.

**6.** It appears that Judge O'Brien was reassigned to another division of the Philadelphia Court of Common Pleas.

**7.** Both subscribing witnesses to the will, as well as the notary, were employees of Appellant's bank at the time the will was executed. During her deposition, subscribing witness Linda John testified that she did not actually see Ms. Briskman sign the will, but rather found the document, with a note asking her to sign it, on her desk when she arrived for work one morning. The will already contained Ms. Briskman's purported signature and had been notarized. (Excerpts from deposition of Linda K. John, taken August 21, 1997, at 5).

ceptions, which were denied by decree dated August 13, 2001. This timely appeal follows.

¶ 6 Appellant raises the following issues for our review:

I. Whether the lower court's findings of fact were supported by legally competent and sufficient evidence?

II. Whether contestant had standing to bring a will contest? And if contestant did have such standing, did it survive her death?

III. A. Whether the proceedings in the lower court denied proponent due process?

B. Whether the lower court abused its discretion by determining the credibility of witnesses it did not observe?

IV. Whether the lower court committed an error of law by invalidating the 1993 Will where there were two competent witnesses to her signature?

V. Presuming that the 1993 Will were [sic] authentic, whether contestant proved her case of undue influence or lack of testamentary capacity?

(Appellant's Brief at 4). Because we conclude that Appellee had no standing to contest the will, we need not address Appellant's claims.

¶ 7 "As a general rule, a party must have an interest in order to challenge the grant or denial of letters to administer a decedent's estate." *In Re Estate of Sidlow,* 374 Pa.Super. 624, 543 A.2d 1143, 1145 (1988). The Decedents, Estates and Fiduciaries Code, 20 Pa.C.S.A. § 101 *et seq.,* sets forth the parameters of this general rule:

§ 908. **Appeals**

(a) **When allowed.**—Any party in interest who is aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within one year of the decree: Provided, That the executor designated in an instrument shall not by virtue of such designation be deemed a party in interest who may appeal from a decree refusing probate of it. The court, upon petition of a party in interest, may limit the time for appeal to three months. . . .

20 Pa.C.S.A. § 908(a).

¶ 8 In the present case, there is no dispute that Appellee is an intestate heir of the decedent. Therefore, in the absence of any valid will, Appellee would certainly be considered a "party in interest" as she would share in the decedent's estate under the intestacy statute. *See* 20 Pa.C.S.A. § 2103. However, here, in addition to the 1993 will, there is a prior will of the decedent, executed in 1984, still in existence. Appellee is not a beneficiary under the 1984 will; rather, she is named only as a successor trustee. It is clear that if Appellee were named as trustee under the prior will, she would have standing to appeal probate of the 1993 will as a "fiduciary whose . . . trust is so aggrieved[.]" *See In re Thompson's Estate,* 416 Pa. 249, 206 A.2d 21 (1965) (named trustee under will has standing to appeal probate of codicil which cancels charitable trust). Therefore, the question before us, which appears to be one of first impression, is whether an heir at law of the decedent who is not a beneficiary, but is a named **successor** trustee under a prior will, is "a party in interest aggrieved by the decree of the register" such that she has standing to appeal the decree?

¶ 9 In the present case, we are hard pressed to find that Appellee has any interest that has been aggrieved by probate of the 1993 will. Indeed, even under the 1984 will, Appellee's "interest" would arise only if the named trustee, Richard Rosin,

were unable to serve. In her Petition for Citation to Show Cause why the 1984 will should not be admitted to probate, Appellee alleged,

> 10. Richard E. Rosin has been notified by petitioner's counsel of the pending appeal from the probate of the 1993 will in this court but has failed to join in that appeal or petition this court for letters testamentary under the 1984 will. Counsel for petitioner has requested that Mr. Rosin renounce his right to serve as executor but he has failed to respond to that request.

(Petition For Citation To Show Cause, filed 3/6/97, at ¶ 10). Therefore, Appellee has failed to demonstrate that Mr. Rosin is unable to serve as executor and trustee of the decedent's estate pursuant to the 1984 will. Moreover, her interest as an intestate heir would arise only if both the 1993 and the 1984 wills were determined to be invalid.

¶ 10 Although our research has not uncovered any appellate court decisions on this issue, we have found two Common Pleas Court cases which reach the opposite result; that is, in both cases, an heir at law, who was not named as a beneficiary in a prior will, was found to have standing to contest the validity of a later will "even though, at the moment, his coming into an intestate share may appear to be remote." *Heffner Estate*, 43 Pa.D. & C.2d 365, 369, 1967 WL 5834 (1967). *See also Holtz Es-*

*tate*, 30 Pa.D. & C.2d 396, 1963 WL 6253 (1963).[8] The trial court in *Holtz Estate* explained,

> If appellant, as an heir at law, were excluded as a party in interest, the court in this proceeding would be deciding that the prior testamentary document was admissible to probate. Such a determination cannot be made collaterally in this proceeding. It can only be made when the will in question is offered for probate. Only in the probate proceedings could the possible existence of later wills or the partial destruction or revocation of the will be authoritatively determined.

*Holtz Estate, supra* at 400. *See also Heffner Estate, supra* at 367 ("If there were 10 invalid prior wills of decedent in existence, this, of itself, would not be a compelling reason for this court to foreclose contestant's efforts to prove that decedent died intestate.").

¶ 11 However, if we were to follow this line of reasoning, then an heir at law would **always** be permitted to file an appeal from probate of a will in which the heir is not a named beneficiary. If the Legislature had intended that result, it could have specifically included "heirs at law" among those permitted to appeal the decision of a Register in § 908. It did not do so. Moreover, the statute was amended three times, in 1972, 1974, and 1976, since the *Holtz* and *Heffner* decisions. The clear and unambiguous language of the statute permits

---

**8.** We note that although the *Holtz* decision was affirmed on appeal to the Supreme Court, *see In Re Estate of Holtz,* 422 Pa. 540, 222 A.2d 885 (1966), the Supreme Court's decision is not germane here as it rested on different grounds.

After the decedent's will and two codicils were probated, two appeals were filed, both claiming the documents were forged; one by a self-described heir at law of the decedent's, and one by a charity, which was a named

beneficiary under a prior will of the decedent's. *Id.* at 887 n. 1. The Common Pleas Court opinion addressed the issue of the purported heir's standing, which was challenged in preliminary objections filed by the proponents of the will. The Supreme Court decision, however, addressed only an appeal by the charity, to which the heir was **not** a party, filed after the lower court, sitting *en banc,* affirmed the probate of the will and codicils.

a party to appeal a Register's decision only if that party has an **interest** that has been **aggrieved**. We find that Appellee's contingent interest, either as a successor trustee under the 1984 will, or as an intestate heir at law if both wills are deemed invalid, is too remote to confer upon her an interest in the probate of the 1993 will.

¶ 12 Moreover, even if we were to assume Appellee has a legitimate interest in the outcome of the will contest, historically, that interest must be substantial, direct, and immediate to confer standing. *In Re Francis Edward McGillick Foundation*, 537 Pa. 194, 642 A.2d 467, 469 (1994).

> A "substantial" interest is an interest in the outcome of the litigation which surpasses the common interest of all citizens in procuring obedience to the law. A "direct" interest requires a showing that the matter complained of caused harm to the party's interest. An "immediate" interest involves the nature of the causal connection between the action complained of and the injury to the party challenging it, and is shown where the interest the party seeks to protect is within the zone of interests sought to be protected by the statute or constitutional guarantee in question.

*South Whitehall Township Police Serv. v. South Whitehall Township*, 521 Pa. 82, 555 A.2d 793, 795 (1989) (internal citations omitted). Here, although Appellee's interest might be considered substantial, that is, one that surpasses the common interest of all citizens, it is neither direct nor immediate. As we discussed *supra*, her interest arises only if the named trustee is unavailable to serve under the 1984 will, or if both the 1993 will and the 1984 will are invalidated.

¶ 13 Appellee argues that Appellant has waived the issue of standing since he did not raise it in his exceptions. "However, when a statute creates a cause of action and designates who may sue, this issue of standing becomes interwoven with that of subject matter jurisdiction[,]" and may be raised by this Court *sua sponte*. *Grom v. Burgoon*, 448 Pa.Super. 616, 672 A.2d 823, 824–25 (1996). Here, Appellee's cause of action arises from § 908; therefore, her standing is a "jurisdictional prerequisite" to the action. *Id.* at 824. Accordingly, Appellant's failure to raise the issue below is not fatal.

¶ 14 In addition, Appellee contends that Appellant cannot object to her standing based on the 1984 will when that will "has never been probated (and might never be probated), never been authenticated, and never been introduced into evidence[.]" (Appellee's Brief at 9). We find this argument disingenuous since it was Appellee, not Appellant, who first proposed that the 1984 will should be probated. *See* Petition For Citation To Show Cause, filed 3/6/97. In addition, although the 1984 will was not admitted during trial, it is included in the certified record as an attachment to Appellee's Petition For Citation To Show Cause. Finally, neither party has ever challenged the signature of the decedent or the subscribing witnesses on the 1984 will. Thus, this argument fails.

¶ 15 Because Appellee had no standing to challenge probate of the 1993 will, we are compelled to reverse the decree of the Orphan's Court.[9]

---

9. Moreover, even were we to review the lower court's Opinion on its merits, the same result would obtain. During a December 3, 1997, pretrial conference, Appellee's counsel expressed his willingness to stipulate that the signature on the 1993 will was indeed the decedent's. *See* N.T. Pretrial Conference, 12/3/97, at 20. The court, then Judge O'Brien, memorialized this stipulation in a pretrial order, which states: "it is agreed between the parties that the probate record be introduced by the proponent without further

¶ 16 Decree reversed; case remanded to Register of Wills for proceedings consistent with this Opinion. Jurisdiction relinquished.

evidence as to the execution of the will[.]" (Order, dated 12/8/97). Indeed, during trial, when Appellant's counsel began questioning notary Annette Tufano about the events surrounding the execution of the will, the court interrupted, stating "... it seems to be superfluous. You are going into an issue that's already been laid to rest." (N.T. Trial, 2/26/98, at 108).

"Parties may by stipulation resolve questions of fact or limit the issues, and, if the stipulations do not affect the jurisdiction of the court or the due order of the business and convenience of the court, they become the law of the case." *Parsonese v. Midland Nat. Ins. Co.*, 550 Pa. 423, 706 A.2d 814, 815 (1998). Once Appellee stipulated to the authenticity of the decedent's signature, any question concerning the execution of the will was resolved.

20 Pa.C.S.A. § 3132 mandates that "[a]ll wills shall be proved by the oaths or affirmations of two competent witnesses...." Arguably, the intent behind this provision is to insure that the signature of the decedent on the will is authentic. Here, Appellee stipulated to that fact. Moreover, subsection (1) provides,

In the case of a will to which the testator signed his name, proof by subscribing witnesses, if there are such, shall be preferred to the extent that they are readily available, and proof of the signature of the testator shall be preferred to proof of the signature of the subscribing witness.

Appellee's stipulation here proved the testator's signature. Nothing more was required, despite any doubts there may be of the testator's intent or Appellant's motives.