J-S48002-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| IN THE ESTATE OF: RICHARD C. SWENSON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: LORA SWENSON AND RENEE SWENSON-CAMPBELL | No. 2289 MDA 2013 |

Appeal from the Order entered December 4, 2013,
Court of Common Pleas, Bradford County,
Orphans' Court at No. 0813-0171

BEFORE:  DONOHUE, JENKINS and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED AUGUST 01, 2014**

Lora Swenson and Renee Swenson-Campbell ("Appellants") appeal from the order of court striking their appeal from the admission of Richard Swenson's will to probate.  Following our review, we affirm.

The trial court summarized the relevant factual and procedural history of this case as follows:

> Decedent, Richard Swenson, succumbed to illness on April 25, 2013.  His Last Will and Testament dated June 10, 2009 was admitted into probate by decree of the Bradford County Register of Wills on May 11, 2013.  Appellants filed an appeal to the admittance of the Will claiming the Will was not a valid instrument, and [that] they were entitled to his estate through intestacy laws. Appellants are the Decedent's nieces.  Appellants alleged [that] they believed and expected to be able to prove that Decedent was not of sound mind at the time of the execution of the Will, and that it was procured by undue influence, duress, constraint and fraud by the named Executor and residual beneficiary, Nancy Kitchin.  The June 10, 2009 Will appoints Nancy Kitchin as executrix and the residual beneficiary.

*Retired Senior Judge assigned to the Superior Court.

On September 20, 2013, [Kitchin] filed a [m]otion to [s]trike the appeal arguing that Appellants lacked standing pursuant to **Estate of Luongo**, 823 A.2d 942 (2003 Pa.Super) [*sic*]. [It] further alleged that [Kitchin] had been a neighbor and a friend, as well as an employee to Mr. Swenson for over [21] years, and that she had been named as executrix in all three prior wills as well as a beneficiary. Attached to the [m]otion to [s]trike were copies of Decedent's three prior wills dated April 11, 2008, February 6, 2009, and June 2, 2009. Appellants were not mentioned in these wills. [Kitchin] was appointed executrix and a beneficiary in all three prior wills.

Argument was heard on October 28, 2013. [The trial court] entered an order on December 4, 2013, granting [Kitchin's] [m]otion to [s]trike the [a]ppeal and decreed that the assets be turned over to her so she could distribute them as executrix accordingly.

Trial Court Opinion, 2/10/14, at 1-2 (footnote omitted).

This timely appeal follows. Appellants present the sole issue on appeal as follows: "Do Appellants, as Richard C. Swenson's next of kin, have standing to contest the validity of Richard C. Swenson's June 10, 2009 [w]ill if they set forth grounds that Richard C. Swenson's previous [w]ills were the product of undue influence?" Appellants' Brief at 5.

We begin by acknowledging the following principles:

On appeal from the Register of Wills' decree admitting a will to probate, the Orphans' court must consider the facts presented and 'either dismiss the petition, grant an issue in case of a substantial dispute, or set aside the probate.' **Wagner's Estate**, 137 A. 616, 618 ([Pa.] 1927). With respect to this

> Court's standard and scope of appellate review in will contests, the Orphans' court decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law. ***In re Elias' Estate***, 4 239 A.2d 393 ([Pa.] 1968). ***See also In re Estate of Presutti***, 783 A.2d 803 (Pa. Super. 2001). If the record supports the court's factual findings, we will defer to these findings and will not reverse absent an abuse of discretion. ***In re Estate of Blumenthal***, 812 A.2d 1279, 1286 (Pa. Super. 2002). We are not constrained, however, to give the same deference to the court's legal conclusions. ***Id.***

***In re Estate of Luongo***, 823 A.2d 942, 951 (Pa. Super. 2003) (footnote omitted).

"As a general rule, a party must have standing to contest probate of a decedent's will. In will contests, the right to an appeal is statutory as is the designation of the parties on whom the right is conferred, and is defined at Section 908 of the Decedents, Estates and Fiduciaries Code." ***Id.*** at 953 (internal citation omitted). This statute provides that,

> ***[a]ny party in interest seeking to challenge the probate of a will or who is otherwise aggrieved by a decree of the register***, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within one year of the decree: Provided, That the executor designated in an instrument shall not by virtue of such designation be deemed a party in interest who may appeal from a decree refusing probate of it. The court, upon petition of a party in interest, may limit the time for appeal to three months.

20 Pa.C.S.A. §908 (emphasis added). In other words, "[a] contestant to the validity of a will does not have standing to do so unless he can prove he would be entitled to participate in the decedent's estate if the will before the court is ruled invalid." **Luongo**, 823 A.2d at 954. (citing **In re Ash's Estate**, 41 A.2d 620 (Pa. 1945)). "To be aggrieved by the probate of a will, the contestant's share of the estate must be smaller because of probate or larger if probate is denied." **Id.** Thus, "a will contestant's standing to appeal from a decree of probate turns delicately on the specific facts and circumstances of the matter at hand." **Id.** at 955.

The facts in the present case establish that Appellants are Swenson's nieces, but were not named in his June 2009 will. We encountered a similar situation in **In re Estate of Briskman**, 808 A.2d 928 (Pa. Super. 2002). In that case, the decedent left the entirety of her estate to a male friend in a will drafted in 1993 (the "1993 will"). The decedent's niece challenged the will, arguing, *inter alia,* that it was the product of undue influence exerted by the decedent's male friend, who was the sole beneficiary. Subsequently, a prior will (the "1984 will") was discovered, in which the decedent made a few specific bequests (but none to the niece) and directed that the residue of her estate be held in a charitable trust. The 1984 will did not name the niece as a beneficiary, but only as a successor trustee, should the named

trustee, her attorney, be unable to serve.[1]  Eventually, the trial court

reversed the decision of the Register of Wills to admit the 1993 will to

probate and vacated the letters testamentary that had been granted to the

decedent's friend and named executor. The executor appealed that decision

to this Court.  We did not reach the merits of the issues raised by the

executor, however, as we concluded that the niece had lacked standing to

challenge the probate of the decedent's 1993 will.  We framed the precise

issue before us as "whether an heir at law … who is not a beneficiary, but is

named **successor** trustee under a prior will is a 'party in interest aggrieved

by the decree of the register' such that she has standing to appeal the

decree[.]"  **Id.** at 931 (emphasis in the original).  We concluded that the

niece was not aggrieved by probate of the 1993 will because she did not

have an interest thereunder and that she would not have any interest under

the 1984 will unless the decedent's attorney were unable to serve as

executor.  Relevant to the case presently before us, we noted that the

niece's "interest as an intestate heir would arise only if both the 1993 and

the 1984 wills were determined to be invalid." **Id.** at 932.  We then

considered whether the **possibility** of an interest, which would arise only

upon the invalidation of at least one prior will and the subsequent invocation

---

[1] Although not germane to our discussion, we note that upon discovering this will, the niece filed a petition seeking to have it admitted to probate if the later will were set aside.

of the laws of intestacy, was sufficient to create standing to challenge the

probate of a will:

> Although our research has not uncovered any appellate court decisions on this issue, we have found two Common Pleas Court cases which reach the opposite result; that is, in both cases, an heir at law, who was not named as a beneficiary in a prior will, was found to have standing to contest the validity of a later will 'even though, at the moment, his coming into an intestate share may appear to be remote.' **Heffner Estate**, 43 Pa.D. & C.2d 365, 369, 1967 WL 5834 (1967). **See also Holtz Estate**, 30 Pa.D. & C.2d 396, 1963 WL 6253 (1963). The trial court in **Holtz Estate** explained,
>
>> If appellant, as an heir at law, were excluded as a party in interest, the court in this proceeding would be deciding that the prior testamentary document was admissible to probate. Such a determination cannot be made collaterally in this proceeding. It can only be made when the will in question is offered for probate. Only in the probate proceedings could the possible existence of later wills or the partial destruction or revocation of the will be authoritatively determined. **Holtz Estate, supra** at 400. See also Heffner Estate, supra at 367 ("If there were 10 invalid prior wills of decedent in existence, this, of itself, would not be a compelling reason for this court to foreclose contestant's efforts to prove that decedent died intestate.").
>
> However, if we were to follow this line of reasoning, then an heir at law would always be permitted to file an appeal from probate of a will in which the heir is not a named beneficiary. If the Legislature had intended that result, it could have specifically included 'heirs at law' among those permitted to appeal the decision of a Register in

[20 Pa.C.S.A.] § 908. It did not do so. Moreover, the statute was amended three times, in 1972, 1974, and 1976, since the **Holtz** and **Heffner** decisions. The clear and unambiguous language of the statute permits a party to appeal a Register's decision only if that party has an interest that has been aggrieved. We find that [the niece's] contingent interest, either as a successor trustee under the 1984 will, or as an intestate heir at law if both wills are deemed invalid, is too remote to confer upon her an interest in the probate of the 1993 will.

Moreover, even if we were to assume Appellee has a legitimate interest in the outcome of the will contest, historically, that interest must be substantial, direct, and immediate to confer standing. **In Re Francis Edward McGillick Foundation**, 642 A.2d 467, 469 ([Pa.] 1994).

> A 'substantial' interest is an interest in the outcome of the litigation which surpasses the common interest of all citizens in procuring obedience to the law. A 'direct' interest requires a showing that the matter complained of caused harm to the party's interest. An 'immediate' interest involves the nature of the causal connection between the action complained of and the injury to the party challenging it, and is shown where the interest the party seeks to protect is within the zone of interests sought to be protected by the statute or constitutional guarantee in question.

**South Whitehall Township Police Serv. v. South Whitehall Township**, 555 A.2d 793, 795 ([Pa.] 1989) (internal citations omitted). Here, although [the niece's] interest might be considered substantial, that is, one that surpasses the common interest of all citizens, it is neither direct nor immediate. As we discussed **supra**, her interest arises only if the named trustee is unavailable to

- 7 -

> serve under the 1984 will, or if both the 1993 will
> and the 1984 will are invalidated

*Id.* at 932-33.

Here, as in ***Briskman***, Appellants' possibility of an interest in Swenson's estate depends on the invalidation of not only the June 2009 will, but of Swenson's three prior wills as well. In accordance with ***Briskman***, we conclude that this possibility is too remote to bring Appellants within the sphere of the people upon whom Section 908 confers standing. We further conclude, as in ***Briskman***, that any possible interest they might have is not direct or immediate, as it would only come to fruition after successfully challenging a total of four wills.

Appellants argue that the trial court erred by not having an evidentiary hearing to determine whether Swenson's three earlier wills were validly executed before determining that Appellants lack standing. Appellants' Brief at 8. However, this request is based on essentially the same premise that this Court rejected in ***Briskman***: that an heir at law who is not a named beneficiary would always have standing to file an appeal from probate of a will on the theory that eventually, no matter how many prior wills there may have been, he or she will have an interest because he or she is entitled to take under the laws of intestacy.[2] As stated above, in ***Briskman*** we noted

---

[2] This is distinguishable from a situation in which there is no prior will, as "generally an heir-at-law has the right to be heard on the validity of a will, where there is no prior will, and the estate would pass by the laws of

that the Legislature has chosen not to include unnamed heirs at law among those permitted to appeal from the decision of the Register of Wills in Section 908; rather, the Legislature has chosen to define that category as people who are parties in interest aggrieved by the Register's decision, not simply by virtue of their status as an heir at law.

For the reasons discussed above, we find no error in the trial court's determination and so we affirm its order.

Order affirmed.

Platt, J. concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/2014

---

intestacy if the challenged will were declared invalid." **Luongo**, 823 A.2d at 954.