J-A29021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN RE: ESTATE OF DONNA SWACKHAMMER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: RANDY L. SWACKHAMMER, M.D. | No. 323 WDA 2016 |

Appeal from the Order January 29, 2016
In the Court of Common Pleas of Westmoreland County
Orphans' Court at No(s): 65-15-241

BEFORE:  DUBOW, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:                    **FILED FEBRUARY 22, 2017**

Randy L. Swackhammer, M.D., appeals from the January 29, 2016 order entered in the Westmoreland County Court of Common Pleas granting the preliminary objections filed by Donna Swackhammer's Estate.  We affirm.

The trial court set forth the following factual and procedural history:

> Donna Swackhammer, hereinafter referred to as "Decedent," passed away on January 26, 2015.  She executed a will dated June 19, 2014 and a codicil dated January 19, 2015.  Addison Swackhammer, hereinafter referred to as "Minor Child," is the daughter of the decedent and the sole beneficiary of the Decedent's estate. The June 19, 2014 will named Meghan Smith, daughter of Decedent, as the guardian of the Minor Child and the guardian of her estate.  The codicil dated January 19, 2015 changed the guardian to Decedent's other daughter, Brienne Marco.[1]  On February 9, 2015, the Register of Wills granted Letters Testamentary to Brienne Marco as

executrix of the Decedent's estate and admitted both the will and the codicil to probate.

> [1] In a separate pending custody action at docket number 158 of 2015-D, Brienne Marco was granted in loco parentis status and obtained temporary custody of the Minor Child by Order of Court dated February 3, 2015. This status was continued by Order of Court dated May 21, 2015.

[Swackhammer] is the ex-husband of Decedent and the biological father of the Minor Child.[2] [Swackhammer] filed a Notice of Appeal from the February 9, 2015 decree of the Register of Wills. He filed a petition titled "Petition for Citation and Rule to Show Cause Why this Appeal Should Not Have Been Sustained and the February 9, 2015 Decree of the Register of Wills Admitting Codicil Number One of the Last Will Be Set Aside" and a petition titled "Petition for Appointment of a Guardian Ad Litem." The Estate filed preliminary objections to both petitions, alleging that [Swackhammer] was not a beneficiary under the will pursuant to a consent agreement incorporated into his and the Decedent's divorce decree on January 29, 2003, where he relinquished all right or interest to the estate of Donna Swackhammer. Therefore, the Estate argued that [Swackhammer] lacked standing to seek the requested relief.

> [2] [Swackhammer] did not have an active parental relationship with the Minor Child as of the filing of the appeal. A custody action is currently pending at a separate docket number.

Oral Argument was initially scheduled for October 16, 2015. At that time, the Honorable Judge Regoli ordered both parties to submit a Memorandum of Law supporting their position and scheduled a second oral argument on January 19, 2016. After the second oral argument was held, both parties were again provided with an opportunity to submit any legal authority that supported their position.

After a review of the arguments presented, along with the Memorandums of Law submitted, this Court entered an Order on January 27, 2016 sustaining the Estate's preliminary objections for lack of standing. In accordance with the Rules of Appellate Procedure, [Swackhammer]

filed a Notice of Appeal and delivered it to this Court on March 1, 2016.

Opinion, 4/18/16, at 1-3 ("1925(a) Op.").

Swackhammer raises the following issues on appeal:

I. The court below failed to apply the proper test where Preliminary Objections Resulted in the Dismissal of [Swackhammer's] Petitions.

II. The court [below] erred in not appointing a Guardian Ad Litem on its own motion (Pa. O. C. Rule 12.4 (a)[)].

III. The Order appealed from relies on a statute that does not exist, specifically 20 Pa. C. S. A. §101(a). The appellant cannot readily discern the basis for the judge's decision (231 Pa. Code Rule 1925(b) (4) (vi)).[1]

Swackhammer's Br. at 4.[2]

An "Orphans' [C]ourt decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law." *In re Estate of Whitley*, 50 A.3d 203, 206–07

---

[1] Swackhammer has abandoned his third issue by stating in the argument section of his brief that the "issue was cured in the Court's Opinion, therefore it will not be argued." Swackhammer's Br. at 17.

[2] The Estate argues that Swackhammer failed to properly file with the trial court the petition for citation, the petition for the appointment of a guardian *ad litem*, and the Pennsylvania Rule of Appellate Procedure 1925(b) concise statement of errors complained of on appeal. On October 7, 2016, Swackhammer filed in the trial court an Application for Correction or Modification of Record. That same day, the trial court granted the motion and ordered that the trial court clerk include in a supplemental record to this Court the petitions and the 1925(b) statement.

(Pa.Super. 2012) (quoting **In re Estate of Luongo**, 823 A.2d 942, 951 (Pa.Super. 2003)) (alteration in original). Further,

> On an appeal from an order sustaining preliminary objections, we accept as true all well-pleaded material facts set forth in the appellant's complaint and all reasonable inferences which may be drawn from those facts. Preliminary objections seeking the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief; if any doubt exists, it should be resolved in favor of overruling the objections.

**Rellick-Smith v. Rellick**, 147 A.3d 897, 901 (Pa.Super. 2016) (internal citations and quotation marks omitted).

Swackhammer first argues that the trial court erred in finding that he lacked standing to challenge Decedent's will without holding an evidentiary hearing.[3]

A preliminary objection alleging a pleading is legally insufficient because the plaintiff lacks standing "require[s] the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues

_____

[3] The trial court found that Swackhammer lacked standing to bring his "Petition for Citation and Rule to Show Cause Why this Appeal Should Not Have Been Sustained and the February 9, 2015 Decree of the Register of Wills Admitting Codicil Number One of the Last Will Be Set Aside." The petition involved an appeal to the probate of Decedent's will and codicil, alleging Decedent lacked testamentary capacity or, in the alternative, was under undue influence.

presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true." *Hill v. Ofalt*, 85 A.3d 540, 547 (Pa.Super. 2014).[4] Accordingly, the trial court did not err in addressing the preliminary objections without an evidentiary hearing.

_____

[4] Swackhammer maintains the preliminary objection was pursuant to Pa.R.C.P. 2018(a)(5), for lack of capacity to sue, and therefore, the trial court could not address the preliminary objection based on the facts of record. Swackhammer's Br. at 8-10. The preliminary objection for lack of capacity, however, is inapplicable here, where the issue was standing. As our Supreme Court stated:

> In a general sense, capacity to sue refers to the legal ability of a person to come into court, and "[w]ant of capacity to sue has reference to or involves only a general legal disability, ... such as infancy, lunacy, idiocy, coverture, want of authority, or a want of title in plaintiff in the character in which he or she sues." 67A C.J.S. *Parties* § 11 . . . . The quintessential example of someone who lacks capacity to sue or be sued is a deceased person, as capacity only exists in living persons. *Id.* In substance, as well as in practice, however, the notion of capacity to sue is extremely amorphous. Indeed, this Court has previously referred to the blurry distinction between capacity to sue and standing as a "somewhat metaphysical question." *Witt*[ *v. Com, Dep't of Banking*]*,* 425 A.2d [374,] 377 n. 7 [(Pa. 1981)].

*In re Estate of Sauers*, 32 A.3d 1241, 1248-49 (Pa. 2011) (emphasis omitted).

Swackhammer also contends that the trial court erred in finding he did not have a substantial interest in the matter and erred in finding he lacked standing.

The Probate, Estates and Fiduciaries Code provides that:

> Any party in interest seeking to challenge the probate of a will or who is otherwise aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within one year of the decree: Provided, That the executor designated in an instrument shall not by virtue of such designation be deemed a party in interest who may appeal from a decree refusing probate of it. The court, upon petition of a party in interest, may limit the time for appeal to three months.

20 Pa.C.S. § 908(a). Accordingly, "a party has the requisite standing to contest a will when that party is aggrieved by a judgment, decree or order of the register, in the sense that some pecuniary interest of that party has been 'injuriously affected.'" *Luongo*, 823 A.2d at 953 (quoting *In re Estate of Seasongood*, 467 A.2d 857, 859 (Pa.Super. 1983)) (emphasis omitted).

Further, this Court has noted that "historically," interest in the outcome of the will contest "must be substantial, direct, and immediate to confer standing." *In re Estate of Briskman*, 808 A.2d 928, 933 (Pa.Super. 2002). We have defined the substantial, direct, and immediate interest needed to establish standing in a will contest as follows:

> A "substantial" interest is an interest in the outcome of the litigation which surpasses the common interest of all citizens in procuring obedience to the law. A "direct"

interest requires a showing that the matter complained of caused harm to the party's interest. An "immediate" interest involves the nature of the causal connection between the action complained of and the injury to the party challenging it, and is shown where the interest the party seeks to protect is within the zone of interests sought to be protected by the statute or constitutional guarantee in question.

*Id.* (quoting *S. Whitehall Twp. Police Serv. v. S. Whitehall Twp.,* 555 A.2d 793, 795 (Pa. 1989)).

The trial court found:

[I]t is clearly evident that [Swackhammer] does not have standing to contest the Decedent's will and codicil for lack of testamentary capacity or undue influence. In his own 1925(b) statement, [Swackhammer] acknowledges that he does not claim to be a beneficiary of the Estate of Donna Swackhammer. It is evident that he does not have a direct or immediate pecuniary interest that has been negatively affected by the probate of the will or codicil. Therefore, [Swackhammer] is not a "party in interest" as outlined and required by 20 Pa.C.S.A. § 908(a) to contest probate. By applying the statutory definition for standing, and the applicable case law that interprets said application, this Court did not abuse its discretion or commit a fundamental error in applying the correct principles of law in entering the January 27, 2016 Order of Court granting the Estate's preliminary objections.

1925(a) Op. at 5.

The trial court also addressed Swackhammer's claim that the minor child had standing and he was acting on her behalf:

[Swackhammer] appears to set forth an argument in his 1925(b) statement that the Minor Child is a party in interest, that she is not in a position to challenge the will on her own due to her minority, and that therefore he is acting on her behalf. However, [Swackhammer] failed to set forth any case law or authority that permits a biological parent that lacks legal and physical custody of the child

- 7 -

pursuant to a separate custody action to challenge the probate of a will and codicil wherein the Minor Child is the sole beneficiary. He did not set forth any averments that the Minor Child requested his involvement, or that the Minor Child expressed concern over the handling of the estate funds. He did not provide any examples of misconduct by Brienne Marco in performing her duties as the guardian of the Minor Child's estate. [Swackhammer] also failed to establish how he would be in a better position to oversee the estate funds as a co-guardian when he has not had any contact with the Minor Child for a significant period of time. Therefore, [Swackhammer] failed to set forth any alternate legal authority that would permit him standing to pursue the interests of the Minor Child and this Court did not abuse its discretion in failing to accept said argument. In fact, accepting same would be in direct contradiction to applying the correct principles of law set forth in 20 Pa.C.S.A. § 908(a).

1925(a) Op. at 5-6. This determination was not an error of law or an abuse of discretion.

Swackhammer next challenges the trial court's decision to not appoint a guardian *ad litem* for the minor child.[5]

Pennsylvania Orphans' Court Rule 12.4, which was applicable at the time Swackhammer filed his petition for appointment of guardian *ad litem*, provided: "On petition of the accountant or any interested party, or upon its own motion, the court may appoint (1) a guardian ad litem to represent a

_____

[5] Before the trial court, Swackhammer argued the trial court should either appoint him as guardian *ad litem* or appoint an attorney guardian *ad-litem* and appoint Swackhammer as co-guardian *ad litem*. On appeal, Swackhammer no longer argues that the trial court should have appointed him as guardian, or co-guardian, *ad litem*. Rather, he argues the trial court should have, on its own motion, appointed a guardian *ad litem*.

minor or an incompetent not represented by a guardian . . . ." Pa.O.C.R. 12.4(a)(1) (rescinded Sept. 1, 2016).[6]

Here, the trial court found:

> In this case, the estate is not large. Although it is a unique situation in which the guardian appointed under the codicil is also the custodian of the minor child through a separate custody action, there is no indication that the guardian, Brienne Marco, is failing to act in the best interests of the Minor Child. Therefore, there is no indication that the expense of an appointed guardian is necessary to deplete the funds that should remain in the estate for the benefit of the Minor Child. Based on [Swackhammer's] lack of standing, this Court did not abuse its discretion or commit a fundamental error in applying the correct principles of law in sustaining the Estate's preliminary objections.

---

[6] Pursuant to a Supreme Court order, Rules 1.1 through 13.3 of the Pennsylvania Orphans' Court Rules were rescinded and replaced, effective September 1, 2016. The rule governing the appointment of a guardian *ad litem* is now Rule 5.5, which provides:

> On petition of the accountant or any interested party, or upon its own motion, the court may appoint one or both of the following if the court considers that the interests of the non-*sui juris* individuals are not adequately represented:
>
> (1) a guardian *ad litem* to represent a minor or a person believed to be incapacitated under the provisions of Chapter 55 of Title 20, but for whom no guardian of the estate is known to have been appointed by a Pennsylvania court or by the court of any other jurisdiction;
>
> (2) a trustee *ad litem* to represent an absentee, a presumed decedent, or unborn or unascertained persons not already represented by a fiduciary.

Pa.R.O.C. 5.5.

1925(a) Op. at 8.  This was not an abuse of discretion or error of law.[7]

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/22/2017

_____

[7]  In his brief, Swackhammer maintains that his counsel informed the court that he would pay the Guardian *ad litem*'s expenses.  However, the certified record does not contain a transcript of the oral argument.  It is the appellant's duty "to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious assessment of the issues raised on appeal."  **Everett Cash Mut. Ins. Co. v. T.H.E. Ins. Co.**, 804 A.2d 31, 34 (Pa.Super. 2002) (quoting **Hrinkevich v. Hrinkevich**, 676 A.2d 237, 240 (Pa.Super. 1996)).