J-A08026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN RE: ESTATE OF TIERNE RICHELLE EWING, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF RICHARD D. KOPKO | No. 1146 WDA 2018 |

Appeal from the Order Entered July 13, 2018
In the Court of Common Pleas of Washington County
Orphans' Court at No: C-63-OC-2016-1169

BEFORE: PANELLA, P.J., STABILE, and McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.: **FILED JULY 29, 2019**

Appellant Richard D. Kopko, father of Tierne Richelle Ewing, deceased ("Decedent"), appeals from an order denying his petition to remove Morgan Miller ("Miller"), Decedent's daughter and Appellant's granddaughter, as personal representative of Decedent's estate. The Orphans' court held that Appellant lacked standing to seek Miller's removal. We affirm.

On August 30, 2016, Decedent's husband, Kevin Ewing ("Husband"), murdered Decedent and then took his own life. Decedent died without a will. At the time of the murder/suicide, Husband was living with his mother, Rosalee Riggle, due to a Protection From Abuse ("PFA") order obtained by Decedent. Husband and Decedent were the parents of two children, Morgan and Deryk Miller. Decedent had no other issue.

On September 30, 2016, the Register of Wills of Washington County appointed Miller the personal representative of Decedent's estate. On March 1, 2018, Appellant, Decedent's father and Miller's grandfather, filed a petition to remove Miller as personal representative. He subsequently amended his petition to allege that (1) Miller did not notify authorities that there were violations of the PFA order prior to Decedent's murder, (2) Miller failed to file a wrongful death action against Riggle and other persons,[1] and (3) for these reasons, Miller was conflicted from serving as personal representative. Appellant himself filed a wrongful death action, naming himself as the plaintiff, despite the fact that he was not Decedent's personal representative. Appellant also obtained an order to show cause why Miller should not be removed as personal representative.

Miller filed preliminary objections to Appellant's amended petition. On July 13, 2018, the Orphans' Court sustained Miller's preliminary objections and dismissed Appellant's amended petition on the ground that Appellant lacked standing to seek Miller's removal. This timely appeal followed. Both Appellant and the Orphans' Court complied with Pa.R.A.P. 1925.

Appellant raises six issues in this appeal, but we limit our review to the standing issue because it is dispositive of this case. We agree with the

---

[1] Miller states in her brief that she filed a wrongful death action against Riggle and other defendants subsequent to dismissal of Appellant's petition. Miller also provides the caption and docket number of this action. Miller's Brief at 13-14 & n.2.

Orphans' Court that Appellant lacks standing to seek dismissal of Miller as personal representative.

When, as here, an individual dies intestate, the Decedents, Estates and Fiduciaries Code ("Code") identifies the individuals who are eligible to serve as the personal representative of the decedent's estate:

> Letters of administration shall be granted by the register, in such form as the case shall require, to one or more of those hereinafter mentioned and, except for good cause, in the following order:
>
> (1) Those entitled to the residuary estate under the will.
>
> (2) The surviving spouse.
>
> (3) Those entitled under intestate law as the register, in his discretion, shall judge will best administer the estate, giving preference, however, according to the sizes of the shares of those in this class[.]

20 Pa.C.S.A. § 3155(b)(1)-(3).

Section 3183 of the Code prescribes the procedure for removing a personal representative as follows:

> The court on its own motion may, and **on the petition of any party in interest** alleging adequate grounds for removal shall, order the personal representative to appear and show cause why he should not be removed, or, when necessary to protect the rights of creditors or parties in interest, may summarily remove him. Upon removal, the court may direct the grant of new letters testamentary or of administration by the register to the person entitled and may, by summary attachment of the person or other appropriate orders, provide for the security and delivery of the assets of the estate[.]

20 Pa.C.S.A. § 3183 (emphasis added). Section 3183 provides that a person must be a "party in interest" to have standing to seek the personal

representative's removal. The question thus becomes whether Appellant is a "party in interest." He is not.

We first note that Appellant is not a beneficiary of Decedent's estate. Section 2103 of the Code provides that when, as here, the decedent dies without a will,

> The share of the estate, if any, to which the surviving spouse is not entitled, and the entire estate if there is no surviving spouse, shall pass in the following order:
>
> **(1) Issue.—To the issue of the decedent.**
>
> **(2) Parents.—If no issue survives the decedent, then to the parents or parent of the decedent.**
>
> (3) Brothers, sisters, or their issue.—If no parent survives the decedent, then to the issue of each of the decedent's parents . . .

20 Pa.C.S.A. § 2103 (emphasis added).

In this case, Husband's estate has no share of Decedent's estate because he murdered her. 20 Pa.C.S.A. §§ 8801-8815 (Slayers Act). Under Section 2103(1), Decedent's two children become the lone beneficiaries, leaving Appellant without an interest in the estate. Similarly, Appellant lacks an interest in the proceeds of a wrongful death action arising from Decedent's death. The wrongful death statute, 42 Pa.C.S.A. § 8301, limits the right of action to "the spouse, children and parents of the deceased," and any proceeds of this action "shall be distributed to the beneficiaries in the proportion they would take the personal estate of the decedent in the case of intestacy[.]" 42 Pa.C.S.A. § 8301(b). Because Appellant is not a beneficiary

under Section 2103(1), he is also not a wrongful death beneficiary. For these reasons, Appellant is not a "party in interest" who has standing to seek Miller's removal under Section 3183.

*Estate of Briskman*, 808 A.2d 928 (Pa. Super. 2002), provides analogous support for our decision. There, the decedent was never married and had no children, and her 1993 will named the manager of her local bank as both executor and sole beneficiary of her estate. The register of wills probated the 1993 will and granted letters testamentary to the bank manager. Subsequently, the decedent's niece filed an action claiming the bank manager procured the 1993 will through undue influence. The niece submitted the decedent's 1984 will, which named the decedent's then-attorney as primary executor and trustee and the niece as secondary trustee if the attorney was unable to serve. The Orphans' Court held that the niece was a "party in interest" under 20 Pa.C.S.A. § 908[2] entitled to challenge the probate of the 1993 will. The court reversed the decision of the register of wills and vacated the letters issued to the bank manager. We reversed, reasoning that the niece's status as successor trustee under the 1984 will did not make her a party in interest with standing to contest the 1993 will.

_____

[2] Section 908 provides, in relevant part: "Any party in interest seeking to challenge the probate of a will or who is otherwise aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within one year of the decree[.]" A different statutory provision, Section 3183, is under review in the present case, but both statutes have the same operative phrase, "party in interest."

[W]e are hard pressed to find that [the niece] has any interest that has been aggrieved by probate of the 1993 will. Indeed, even under the 1984 will, [the niece's] "interest" would arise only if the named trustee . . . were unable to serve.

. . . .

We find that [the niece's] contingent interest, either as a successor trustee under the 1984 will, or as an intestate heir at law if both wills are deemed invalid, is too remote to confer upon her an interest in the probate of the 1993 will.

Moreover, even if we were to assume [the niece] has a legitimate interest in the outcome of the will contest, historically, that interest must be substantial, direct, and immediate to confer standing. . . . A "substantial" interest is an interest in the outcome of the litigation which surpasses the common interest of all citizens in procuring obedience to the law. A "direct" interest requires a showing that the matter complained of caused harm to the party's interest. An "immediate" interest involves the nature of the causal connection between the action complained of and the injury to the party challenging it, and is shown where the interest the party seeks to protect is within the zone of interest sought to be protected by the statute or constitutional guarantee in question.

Here, although [the niece's] interest might be considered substantial, that is, one that surpasses the common interest of all citizens, it is neither direct nor immediate [because it] arises only if the named trustee is unavailable to serve under the 1984 will, or if both the 1993 will and the 1984 will are invalidated.

*Id.* at 931-33 (citations and quotations omitted). Although **Briskman** involved a different statute from the one at issue in the present case, *see* n.2, *supra*, its analysis of "party in interest" applies with equal force to this case. Even if Appellant's interest is substantial, it is neither direct nor immediate, because Decedent's children are the only beneficiaries under the statutes governing intestate succession and wrongful death actions. Thus, Appellant

- 6 -

is not a party in interest with standing to seek Miller's removal as personal representative.

Accordingly, we affirm the Orphans' Court's order sustaining Miller's preliminary objections and dismissing Appellant's petition to remove Miller as personal representative of Decedent's estate.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/29/2019