J-A08019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF MARY ELLEN NETZEL, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: LAURA KAHLER | |
| | No. 984 WDA 2022 |

Appeal from the Order Entered August 2, 2022
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  02-20-06212

BEFORE:   STABILE, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:                **FILED: August 11, 2023**

Laura Kahler ("Kahler") appeals from the order granting summary judgment in favor of Michael G. Netzel, Sr. ("Michael") and Carol J. Phelps ("Carol") (collectively, "Appellees") and concluding that Kahler lacked standing to contest a 2019 will.  Appellees have also filed a motion to dismiss this appeal.[1]  We affirm the trial court's order and deny Appellees' motion.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** Appellees' Motion to Dismiss and Quash Kahler's Appeal, 3/9/23, at 5 (noting that Kahler: (1) "totally failed to file a designation of the reproduced record[;]" (2) "failed to file a timely designation of the reproduced record[;]" (3) "failed to file a timely reproduced record[;]" and (4) "failed to make a single citation to the record").  Although Kahler's brief and reproduced records are deficient in these regards, we conclude that they do not impede meaningful appellate review.  **See Clark v. Peugh**, 257 A.3d 1260, 1264 n.1 (Pa. Super. 2021), *appeal denied*, 268 A.3d 1079 (Pa. 2021); **see also** Pa.R.A.P. 2101.

We summarize the facts and procedural history of this matter from the record. Kahler and Mary Ellen Netzel ("Mary Ellen") were sisters born to Margret Ann Conboy ("Conboy").[2] Mary Ellen married Charles Netzel, III ("Charles"). They did not have children. Kahler has two children, Christine and Carolyn Kahler, *i.e.,* Mary Ellen's nieces. Appellees Michael and Carol are Charles's siblings, *i.e.*, Mary Ellen's brother- and sister-in-law.

In 1987, Mary Ellen executed a will ("the 1987 will") that named Kahler and Michael as co-executors of her estate. *See* Mary Ellen's 1987 Will, 4/7/87, at 3. The 1987 will bequeathed Mary Ellen's entire estate to her husband, Charles. *See id*. at 2. The 1987 will provided specific instructions that if Charles predeceased Mary Ellen, then: (1) Mary Ellen's home in Franklin Park Borough ("the Franklin Park home") would go to her mother, Conboy; (2) her grandfather clock would go Kahler's daughter, Christine; (3) her silver, crystal, and Lennox china would go to Kahler's daughter, Carolyn; (4) her automobiles, appliances, and other furnishings would go to Michael; and (5) the residue would be divided among Conboy, Michael, and Mary Ellen's mother-in-law. *See id*. at 2-3. The 1987 will included further instructions that if Mary Ellen's mother-in-law predeceased Mary Ellen, then Michael would get her share of the residue. *See id*. at 3. The 1987 will did not provide instructions if Conboy predeceased Mary Ellen. *See id*. 2-3. Conboy died in

---

[2] The trial court referred to Kahler as Mary Ellen's niece. However, the record and briefs confirm that Kahler and Mary Ellen were sisters.

February 2019. Although not discussed at length by the parties, it appears that Mary Ellen's mother-in-law also predeceased Mary Ellen.

In May 2019, Mary Ellen executed a new will ("the 2019 will"), which named Appellees as co-executors of her estate. *See* Mary Ellen's 2019 Will, 5/19/19, at 3. The 2019 will bequeathed her entire estate to her husband, Charles, and provided that if Charles predeceased her, then her estate would go to Appellees in equal shares. *See id*. at 2. The 2019 will revoked any prior will. *See id*. at 1. The 2019 will did not mention Kahler.

Charles died one day after Mary Ellen signed the 2019 will. Mary Ellen died in October 2020. In November 2020, Appellees petitioned for letters testamentary based on the 2019 will. The register of wills admitted the 2019 will to probate and issued letters, and Appellees issued notices of estate administration upon potential beneficiaries, including Kahler. In May 2021, Kahler filed a notice of intent to appeal the admission of the 2019 will into probate and the issuance of letters testamentary to Appellees. In July 2021, Kahler filed a petition for citation sur appeal challenging Mary Ellen's competence when she signed the 2019 will and Appellees' undue influence. The trial court issued a citation, and Appellees filed an answer and new matter, which they subsequently amended to include a copy of the 1987 will as an exhibit.[3] Appellees' amended answer and new matter asserted that Kahler lacked standing to challenge the 2019 will.

---

[3] Kahler asserts that she was unaware of the 1987 will before the instant litigation.

Appellees moved for summary judgment arguing that Kahler lacked standing because: (1) she was not a beneficiary under the 2019 will; (2) she was not a beneficiary under the 1987 will; and (3) her status as a co-executor of the 1987 will did not confer her a sufficient benefit or interest to challenge the 2019 will. **See** Appellees' Motion for Summary Judgment, 5/17/22, at 1; Appellees' Brief in Support of Motion for Summary Judgment, 5/17/22, at 9, 15, 25 (unnumbered). Appellees cited **In re Estate of Briskman**, 808 A.2d 928, 931 (Pa. Super. 2002), which held that a party's contingent interests in a prior will did not give the party standing to challenge a subsequent will, and **In re Thompson's Estate**, 206 A.2d 21, 24 (Pa. 1965), which noted that status as an executor of a will alone did not establish standing to challenge a codicil. **See** Appellees' Brief in Support of Motion for Summary Judgment, 5/17/22, at 15, 25.[4]

Kahler responded that she had a substantial, direct, and immediate interest because she was named as a co-executor of the 1987 will. Kahler asserted that the specific bequests in the 1987 will to Conboy and Kahler's daughter expressed a clear intent to keep the Franklin Park home in the Conboy side of Mary Ellen's family, and Kahler thus had an interest as a trustee

---

[4] In support of their claim that Kahler lacked an interest in the estate, Appellees asserted that because Conboy predeceased Mary Ellen, the Franklin Park home would have become part of the residue of the 1987 will pursuant to the Anti-Lapse Statute, 20 Pa.C.S.A. § 2514, and Michael would have been entitled to the entire residue. **See** Appellees' Brief in Support of Motion for Summary Judgment, 5/17/22, at 16-19 (unnumbered) (discussing 20 Pa.C.S.A. § 2514(9), (10), and (11)).

or fiduciary to manage Mary Ellen's estate ensure that occurred. **See** Kahler's Brief in Opposition to Appellees' Motion for Summary Judgment, 6/16/22, at 8.

The trial court granted summary judgment in favor of Appellees on August 1, 2022. The trial court reasoned that Kahler did not have a sufficient interest to challenge the 2019 will.[5] **See** Trial Court Order and Opinion, 8/1/22, at 4, 6. Kahler filed a motion for reconsideration, which the trial court denied, and she timely appealed the August 1, 2022 order. The trial court did not order a Pa.R.A.P. 1925(b) statement and adopted its August 1, 2022 order and opinion as dispositive of all issues.

Kahler presents the following issues for review:

> Did the trial court err in reaching its finding that . . . Kahler lacked standing to challenge the 2019 [w]ill . . . ?

Kahler's Brief at 2.

Kahler's challenge to the trial court's grant of summary judgment implicates the following principles:

> Summary judgment can be entered only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. . . .

---

[5] Because the court found its discussion of standing was dispositive, the court overruled Appellees' objection to Kahler's failure to plead claims based on the 1987 will. **See** Trial Court Order and Opinion, 8/1/22, at 6. The trial court, citing 20 Pa.C.S.A. § 908(a), also concluded that Kahler's status as a co-executor of the 1987 will did not provide her with standing to challenge the 2019 will. **See id**.

> Our scope of review of an order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion. We examine the record . . . in a light most favorable to the non-moving party, and we resolve all doubts as to the existence of a genuine issue of material fact against the moving party.

*In re Estate of Caruso*, 176 A.3d 346, 349 (Pa. Super. 2017) (internal citations, quotations, and brackets omitted).  When considering questions of law, our standard of review is *de novo* and the scope of our review is plenary. *See id*.

Section 908 of the Probate, Estates and Fiduciaries Code provides, in relevant part:

> Any party in interest seeking to challenge the probate of a will or who is otherwise aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within one year of the decree: Provided, That the executor designated in an instrument shall not by virtue of such designation be deemed a party in interest who may appeal from a decree refusing probate of it. . . .

20 Pa.C.S.A. § 908(a).

As to standing, this Court has stated: "[a] contestant to the validity of a will does not have standing to do so unless he can prove he would be entitled to participate in the decedent's estate if the will before the court is ruled invalid." *In re Estate of Luongo*, 823 A.2d 942, 954 (Pa. Super. 2003) (internal citation omitted).  Generally, a party is a "party in interest" or "aggrieved" under section 908, when she has a pecuniary interest in the estate and her "share of the estate must be smaller because of probate or larger if probate is denied." *See id*. at 953-54.  Still, a "will contestant's standing to

- 6 -

appeal from a decree of probate turns delicately on the specific facts and circumstances of the matter at hand." *Id*. at 955; **accord Thompson's Estate**, 206 A.2d at 27 (holding that while status as an executor of a prior will is insufficient to find standing, an executor of a prior will had standing to challenge a subsequent will because the subsequent will divested him of the authority, as a trustee, in order to distribute the residue to charities).

Kahler contends that she met the requirements for standing under 20 Pa.C.S.A. § 908(a). **See** Kahler's Brief at 8. Kahler insists nothing prevents a co-executor from being an aggrieved party under section 908(a). Kahler further asserts that the 1987 will evinced Mary Ellen's clear intent to keep certain personal property and the Franklin Park home on the Conboy side of the family. **See id**. at 14, 15, 20-21. She argues that the trial court erred because, as a co-executor of the 1987 will, she had an interest as a trustee or a fiduciary to implement Mary Ellen's clear intent.[6] **See id**. at 15.

Following our review, we discern no error or abuse of discretion in the trial court's conclusion that Kahler lacked standing. Kahler was not a named beneficiary of either the 2019 or 1987 will. As an heir-at-law under the 2019 will, her interests were too remote and speculative to confer standing. **See Briskman**, 808 A.2d at 931 (concluding that when an interest as an intestate

---

[6] Kahler also argues that when a testator's intent is clear, the Anti-Lapse Statute should not operate to frustrate her standing to contest the 2019 will. **See** Kahler's Brief at 17-19.

heir, which would arise only upon a finding that a prior and a subsequent will were invalid was too remote to confer the party with standing).

To the extent Kahler asserts she has standing as a co-executor of the 1987 will, she cites no case law holding that status as executor or co-executor of a prior will alone is sufficient to confer standing, and the decisional law holds that more is required. **See Thompson's Estate**, 206 A.2d at 23-24 (concluding that executor had standing where a will named him as a trustee to distribute personal effects and granted him discretion to distribute the residue to charities at his choosing); **In re Estate of Schumacher**, 133 A.3d 45, 50 (Pa. Super. 2016) (concluding that an executor who was named as a trustee for a special needs trust in a prior will had standing to challenge a subsequent will naming different co-executors and co-trustees of a new trust). Kahler only asserts that the specific bequests—the bequest of personal property to her daughters, *i.e.* Mary Ellen's nieces, and the bequest of the Franklin Park home to Conboy, if Charles predeceased Mary Ellen—evidenced a clear intent to keep personal or real property on the Conboy side of the family. However, she cites no legal authority to support such an interpretation of the 1987 will, and we discern no underlying merit to her conclusory argument.

Here, the plain language of 1987 will dictated that Kahler, as a co-executor, follow Mary Ellen's specific instructions if Charles survived her or predeceased her. Nothing in the 1987 will required property stay on one side of the family. Nothing in the 1987 will afforded Kahler any discretion

concerning bequests or granted her any other interest in Mary Ellen's estate as either a trustee or a fiduciary. *See Thompson's Estate*, 206 A.2d at 26-27; *Schumacher*, 133 A.3d at 50. Thus, we discern no merit to Kahler's assertion that she was a trustee or fiduciary with an interest in keeping property, in particular, the Franklin Park home, on one side of the family.

In sum, having reviewed the record, the trial court's decision, and Kahler's arguments, we discern no merit to Kahler's claim that she was an aggrieved party or had an interest in Mary Ellen's estate and agree with the trial court that she lacked standing to challenge the 2019 will. Accordingly, we affirm the trial court's decision to grant summary judgment.

Order affirmed. Motion to dismiss appeal denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2023